**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSIAH WALKER,

Plaintiff,

v.

Case No. :26-cv-11674-LJM-KGA
Hon. Laurie J. Michelson
Mag. Judge Kimberly G. Altman

REGENTS OF THE UNIVERSITY OF MICHIGAN; DOMENICO GRASSO in his official capacity; SANTA ONO, in his individual capacity; ROBERT HEWLETT III, in his official capacity as University of Michigan's Executive Vice President and Chief Financial Officer; AMY GRIER, individually and in her official capacity as University of Michigan's Associate Director Staff Human Resources; UNIVERSITY OF MICHIGAN'S EXECUTIVE DIRECTOR OF THE DIVISION OF PUBLIC SAFETY AND SECURITY in their official capacity; EDDIE WASHINGTON in his individual capacity; CRYSTAL JAMES, individually and in her official capacity as University of Michigan's Chief of Police; and University of Michigan police officers RYAN CAVANAUGH, ARON FELTES, DARIAN GREELEY, KEVIN HARDING, JEREMIAH ROBERTS, MARK WEST, and JACOB YENCER, individually and in their official capacities; and AMERISHIELD PROTECTION GROUP D/B/A CITY SHIELD SECURITY SERVICES; JAMES KINCANNON, KENNETH CRAIG, DOUG BAYER, and LEE VICTORIAN

Defendants.

---

**UNIVERSITY DEFENDANTS' MOTION TO DISMISS**
**<u>PLAINTIFF'S COMPLAINT WITH PREJUDICE</u>**

Amy V. Doukoure (P80461)
Jad Salamey (P88517)
CAIR-MI LEGAL FUND
1905 S. Haggerty Road, Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com
jsalamey@cair.com
*Attorneys for Plaintiff*

Hasan Kaakarli (P81099)
Emad R. Hamadeh (P86849)
AKEEL & VALENTINE, PLC
888 W. Big Beaver Rd., Ste. 350
Troy, MI 48084
(248) 269-9595
hasan@akeelvalentine.com
emad@akeelvalentine.com
*Attorneys for Plaintiff*

John C. Philo (P52721)
Liz Jacob (P86981)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
ljacob@sugarlaw.org
*Attorneys for Plaintiff*

Brian M. Schwartz (P69018)
D. Kyle Bierlein (P78278)
Miller, Canfield, Paddock and Stone, P.L.C.
150 W. Jefferson, Ste. 2500
Detroit, MI 48226
313-963-6420
schwartzb@millercanfield.com
bierlein@millercanfield.com

*Attorneys for Defendants Regents of the University of Michigan; Domenico Grasso, Santa Ono, Robert Hewlett III, Amy Grier, University of Michigan's Executive Director of the Division of Public Safety and Security; Eddie Washington, Crystal James, Ryan Cavanaugh, Aron Feltes, Darian Greeley, Kevin Harding, Jeremiah Roberts, Mark West, and Jacob Yencer ("University Defendants")*

**UNIVERSITY DEFENDANTS' MOTION TO DISMISS**
**<u>PLAINTIFF'S COMPLAINT WITH PREJUDICE</u>**

Defendants Regents of the University of Michigan, Domenico Grasso, Santa Ono, Robert Hewlett III, Amy Grier, the University of Michigan's Executive Director of the Division of Public Safety and Security ("DPSS"), Eddie Washington,

Crystal James, Ryan Cavanaugh, Aron Feltes, Darian Greeley, Kevin Harding, Jeremiah Roberts, Mark West, and Jacob Yencer[1] move to dismiss all claims pled against them in their entirety and with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).[2]

The Complaint should be dismissed for several reasons:

1. The University and the University Individual Defendants in their official capacity are protected by sovereign immunity.

2. Each University Individual Defendant is entitled to qualified immunity for any personal capacity claims because the Complaint lacks allegations showing personal involvement in violating a clearly established constitutional right.

3. Plaintiff fails to state a claim under the First Amendment (Count I) because there are no plausible allegations of content- or viewpoint-based discrimination or unlawful prior restraint. This extends to Plaintiff's claims predicated on a right to petition and peaceful assembly.

4. Plaintiff does not state a procedural or substantive due process claim (Count II) because he fails to adequately allege a liberty and/or property interest in

---

[1] Throughout this Motion and Brief, "University Defendants" refers to all University of Michigan Defendants. "University Individual Defendants" refers to Domenico Grasso, Santa Ono, Robert Hewlett III, Amy Grier, the University of Michigan's Executive Director of the Division of Public Safety and Security, Eddie Washington, Crystal James, Ryan Cavanaugh, Aron Feltes, Darian Greeley, Kevin Harding, Jeremiah Roberts, Mark West, and Jacob Yencer.

[2] Amerishield Protection Group d/b/a City Shield Security Services ("City Shield"), James Kincannon, Kenneth Craig, Doug Bayer, and Lee Victorian are also named defendants.

the right to move freely in his community, to his post-secondary education, to continued employment, and in the integrity of his person and property. And, in any case, Plaintiff was provided more than sufficient process.

5. Plaintiff's due process claim regarding unlawful detention, arrest, and searches and seizures (Count II) also fails because it is duplicative of his Fourth Amendment claim (Count III).

6. Plaintiff's Fourth Amendment claim (Count III) should be dismissed because Plaintiff does not adequately plead a lack of probable cause and objective reasonableness.

7. Plaintiff's Equal Protection claim (Count IV) fails because he does not adequately allege intentional discrimination and, instead, relies on mere speculation.

8. Finally, Plaintiff does not plead a viable Section 1985(3) conspiracy claim (Count V) because the allegations lack the requisite specificity and, as a matter of law, there can be no conspiracy among the University Individual Defendants because they are part of the same entity.

4. On July 28, 2026, counsel for the University Defendants sent an email to Plaintiff's counsel requesting concurrence in this motion and requesting to meet and confer. The parties deferred that conference and stipulated to an extension of time for the University to answer or otherwise respond to the Complaint, from August 3, 2026 through and including September 3, 2026, to provide a uniform response deadline for all defendants. [ECF No. 29]. On August 31, 2026, counsel

for the University Defendants and counsel for Plaintiff met and conferred via Microsoft Teams. Plaintiff did not concur in any portion of the relief sought¶.

WHEREFORE, the University Defendants ask the Court to grant this Motion and dismiss all claims pled against them in their entirety and with prejudice.

Dated: September 2, 2026 Respectfully submitted,

*/s/ Brian M. Schwartz*
Brian M. Schwartz (P69018)
D. Kyle Bierlein (P78278)
Miller, Canfield, Paddock and Stone, P.L.C.
150 W. Jefferson, Ste. 2500
Detroit, MI 48226
(313) 963-6420
schwartzb@millercanfield.com
bierlein@millercanfield.com
*Attorneys for University Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSIAH WALKER,

Plaintiff,

Case No. :26-cv-11674-LJM-KGA
Hon. Laurie J. Michelson
Mag. Judge Kimberly G. Altman

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN; DOMENICO GRASSO in his official capacity; SANTA ONO, in his individual capacity; ROBERT HEWLETT III, in his official capacity as University of Michigan's Executive Vice President and Chief Financial Officer; AMY GRIER, individually and in her official capacity as University of Michigan's Associate Director Staff Human Resources; UNIVERSITY OF MICHIGAN'S EXECUTIVE DIRECTOR OF THE DIVISION OF PUBLIC SAFETY AND SECURITY in their official capacity; EDDIE WASHINGTON in his individual capacity; CRYSTAL JAMES, individually and in her official capacity as University of Michigan's Chief of Police; and University of Michigan police officers RYAN CAVANAUGH, ARON FELTES, DARIAN GREELEY, KEVIN HARDING, JEREMIAH ROBERTS, MARK WEST, and JACOB YENCER, individually and in their official capacities; and AMERISHIELD PROTECTION GROUP D/B/A CITY SHIELD SECURITY SERVICES; JAMES KINCANNON, KENNETH CRAIG, DOUG BAYER, and LEE VICTORIAN

Defendants.

---

**BRIEF IN SUPPORT OF UNIVERSITY DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Amy V. Doukoure (P80461)
Jad Salamey (P88517)
CAIR-MI LEGAL FUND
1905 S. Haggerty Road, Suite 5
Canton, MI 48188
(248) 559-2247
adoukoure@cair.com
jsalamey@cair.com
*Attorneys for Plaintiff*

Hasan Kaakarli (P81099)
Emad R. Hamadeh (P86849)
AKEEL & VALENTINE, PLC
888 W. Big Beaver Rd., Ste. 350
Troy, MI 48084
(248) 269-9595
hasan@akeelvalentine.com
emad@akeelvalentine.com
*Attorneys for Plaintiff*

John C. Philo (P52721)
Liz Jacob (P86981)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Ave., 2nd Floor
Detroit, MI 48201
(313) 993-4505/Fax: (313) 887-8470
jphilo@sugarlaw.org
ljacob@sugarlaw.org
*Attorneys for Plaintiff*

Brian M. Schwartz (P69018)
D. Kyle Bierlein (P78278)
Miller, Canfield, Paddock and Stone,
P.L.C.
150 W. Jefferson, Ste. 2500
Detroit, MI 48226
313-963-6420
schwartzb@millercanfield.com
bierlein@millercanfield.com

*Attorneys for Defendants Regents of the University of Michigan; Domenico Grasso, Santa Ono, Robert Hewlett III, Amy Grier, University of Michigan's Executive Director of the Division of Public Safety and Security; Eddie Washington, Crystal James, Ryan Cavanaugh, Aron Feltes, Darian Greeley, Kevin Harding, Jeremiah Roberts, Mark West, and Jacob Yencer ("University Defendants")*

**BRIEF IN SUPPORT OF UNIVERSITY DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ ii

STATEMENT OF ISSUES PRESENTED ........ x

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........ xi

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

- A. The University's Trespass Policies and Procedures ........ 3
- B. Plaintiff's Trespass Warnings ........ 4
- C. Plaintiff's Employment ........ 5

III. STANDARD OF REVIEW ........ 5

IV. ARGUMENT ........ 6

- A. Plaintiff's Claims Are Barred by Immunity ........ 6
  - 1. The Eleventh Amendment Bars Plaintiff's Section 1983 Claims Against the University and Its Officials ........ 6
  - 2. Plaintiff's Section 1983 Claims Against the University Individual Defendants Are Barred by Qualified Immunity ........ 8
- B. Plaintiff Fails to State First Amendment Claims (Count I) ........ 13
  - 1. Plaintiff Fails to State a Free Speech Claim ........ 13
  - 2. Plaintiff Fails to State a Petition or Assembly Claim ........ 16
- C. The Complaint Fails to State Due Process Claims (Count II) ........ 16
  - 1. Procedural Due Process ........ 16
  - 2. Substantive Due Process ........ 20
  - 3. Plaintiff Does Not State Due Process Claims Related to His Fourth Amendment Rights ........ 22
- D. Plaintiff Fails to State a Fourth Amendment Unlawful Search & Seizure Claim (Count III) ........ 22
- E. Plaintiff Fails to State an Equal Protection Claim (Count IV) ........ 27
- F. Plaintiff Fails to Adequately Plead a Section 1985(3) Conspiracy Claim (Count V) ........ 28

V. CONCLUSION ........ 29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACLU v. Mote*,
423 F.3d 438 (4th Cir. 2005) .......... 14

*Albright v. Oliver*,
510 U.S. 266 (1994) .......... 22

*Alexander v. United States*,
509 U.S. 544 (1993) .......... 15

*U.S. ex rel. Angelo v. Allstate Ins. Co.*,
106 F.4th 441 (6th Cir. 2024) .......... 6

*Ashcroft v. al-Kidd*,
563 U.S. 731 (2011) .......... 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 6, 27

*Bambach v. Moegle*,
92 F.4th 615 (6th Cir. 2024) .......... 9

*Barrow v. City of Hillview*,
775 F. App’x 801 (6th Cir. 2019) .......... 29

*Baynes v. Cleland*,
799 F.3d 600 (6th Cir. 2015) .......... 25

*Bd. of Curators of the Univ. of Missouri v. Horowitz*,
435 U.S. 78 (1978) .......... 19, 21

*Bd. of Regents v. Roth*,
408 U.S. 564 (1972) .......... 18

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 6

*Bell v. Ohio State Univ.*,
351 F.3d 240 (6th Cir. 2003) ....................................................................20

*Brandenburg v. Housing Auth. of Irvine*,
253 F.3d 891 (6th Cir. 2001) ....................................................................22

*Bray v. Alexandria Women's Health Clinic*,
506 U.S. 263 (1993)....................................................................................28

*Ctr. for Bio-Ethical Reform v. Napolitano*,
648 F.3d 365 (6th Cir. 2011) ..................................................................6, 27

*Chilingrian v. Boris*,
882 F.2d 200 (6th Cir. 1989) ....................................................................18

*Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*,
561 U.S. 661 (2010)....................................................................................15

*Clark v. Cmty. for Creative Non-Violence*,
468 U.S. 288 (1984)....................................................................................16

*Collyer v. Darling*,
98 F.3d 211 (6th Cir. 1996) ......................................................................28

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*,
473 U.S. 788 (1985)....................................................................................14

*Cunningham v. Shelby Cty.*,
994 F.3d 761 (6th Cir. 2021) ......................................................................9

*Davis v. Butler County, Ohio*,
658 F. App'x 208 (6th Cir. 2016) ..............................................................22

*Devenpeck v. Alford*,
543 U.S. 146 (2004)..............................................................................23, 24

*Doe v. Miami Univ.*,
882 F.3d 579 (6th Cir. 2018) ..............................................................18, 21

*Does v. Whitmer*,
69 F.4th 300 (6th Cir. 2023) ........................................................................6

*Farhat v. Jopke*,
370 F.3d 580 (6th Cir. 2004) ....................................................................17, 18

*Fridley v. Horrighs*,
291 F.3d 867 (2002)...............................................................................23, 24

*Garrett v. Morgan Cnty. Sheriff's Off.*,
792 F. Supp. 3d 771 (N.D. Ohio 2025) ..........................................................10

*Gerstein v. Pugh*,
420 U.S. 103 (1975)......................................................................................23

*Gilles v. Garland*,
281 F. App'x 501 (6th Cir. 2008) ..........................................................14

*Graham v. Connor*,
490 U.S. 386 (1989)......................................................................................26

*Hakim v. Regents of the Univ. of Mich.*,
E.D. Mich. No. 25-cv-11265 (Mar. 31, 2025).........................................10, 19

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982)........................................................................................9

*Harris v. City of Akron*,
20 F.3d 1396 (6th Cir. 1994) ........................................................................17

*Hartman v. Thompson*,
931 F.3d 471 (6th Cir. 2019) ...................................................................23, 24

*Hasanaj v. Detroit Pub. Schs. Cmty. Dist.*,
35 F.4th 437 (6th Cir. 2022) ..........................................................................16

*Heijnen v. Villareal*,
2013 WL 950791 (N.D. Tex. Mar. 11, 2013)...................................................27

*Horner v. Kentucky High Sch. Athletic Ass'n*,
43 F.3d 265 (6th Cir. 1994) ...........................................................................27

*Houchens v. Beshear*,
850 F. App'x 340 (6th Cir. 2021) ..................................................................21

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*,
926 F.2d 505 (6th Cir. 1991) ....................................................................29

*JiQiang Xu v. Michigan State Univ.*,
195 F. App'x 452 (6th Cir. 2006) ..............................................................18

*Johnson v. City of Cincinnati*,
310 F.3d 484 (6th Cir. 2002) ....................................................................20

*Johnson v. Daniels*,
769 F. Supp. 230 (E.D. Mich. 1991), *aff'd*, 70 F.3d 1272 (6th Cir. 1995) ..............................................................................................10

*Johnson v. Moseley*,
790 F.3d 649 (6th Cir. 2015) ....................................................................10

*Kaplan v. Univ. of Louisville*,
10 F.4th 569 (6th Cir. 2021) .....................................................................18

*Katz v. United States*,
389 U.S. 347 (1967).................................................................................25

*Kerchen v. Univ. of Mich.*,
100 F.4th 751 (6th Cir. 2024) ..........................................................*passim*

*Kollaritsch v. Mich. State Univ. Bd. of Trs.*,
944 F.3d 613 (6th Cir. 2019) ...............................................................8, 10

*Kuerbitz v. Meisner*,
2017 WL 4161111 (E.D. Mich. Sept. 20, 2017), *aff'd*, 2018 WL 5310762 (6th Cir. July 11, 2018).........................................................14

*Lambert v. Hartman*,
517 F.3d 433 (6th Cir. 2008) .................................................................... 16

*Lipian v. Univ. of Mich.*,
453 F. Supp. 3d 937 (E.D. Mich. 2020) ....................................................11

*Lyons v. City of Xenia*,
417 F.3d 565 (6th Cir. 2005) ....................................................................26

*Lytle v. Malady*,
579 N.W.2d 906 (Mich. 1998)...............................................................18, 19

*Marie v. Am. Red Cross*,
771 F.3d 344 (6th Cir. 2014) ....................................................................27

*McCormick v. Miami Univ.*,
693 F.3d 654 (6th Cir. 2012) ......................................................................7

*McGee v. Schoolcraft Cmty. Coll.*,
167 F. App'x 429 (6th Cir. 2006) ...............................................................19

*Michigan Interlock, LLC v. Alcohol Detection Sys., LLC*,
360 F. Supp. 3d 671 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993
(6th Cir. 2020)................................................................................................8

*Michigan v. DeFillippo*,
443 U.S. 31 (1979)...........................................................................23, 24, 25

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978)..........................................................................................7

*Morrison v. Bd. of Trs. of Green Twp.*,
583 F.3d 394 ...................................................................................25, 26

*Nolan v. Detroit Edison Co.*,
991 F.3d 697 (6th Cir. 2021) ...................................................................2, 3

*Occupy Nashville v. Haslam*,
769 F.3d 434 (6th Cir. 2014) ....................................................................20

*Odom v. Univ. of Mich.*,
2017 WL 2117978 (E.D. Mich. May 16, 2017) ..........................................18

*Peffer v. Stephens*,
880 F.3d 256 (6th Cir. 2018) ....................................................................25

*Perry Ed. Ass'n v. Perry Loc. Educators' Ass'n*,
460 U.S. 37 (1983)........................................................................................13

*Pers. Adm'r v. Feeney*,
442 U.S. 256 (1979).......................................................................................28

*Phillips v. Roane County*,
534 F.3d 531 (6th Cir. 2008) ....................................................................10

*Ramsek v. Beshear*,
468 F. Supp. 3d 904 (E.D. Ky. 2020) ............................................................16

*Regents of Univ. of Mich. v. Ewing*,
474 U.S. 214 (1985)..........................................................................................21

*Ritchie v. Coldwater Cmty. Sch.*,
947 F. Supp. 2d 791 (W.D. Mich. 2013) ........................................................20

*Russell v. Lundergan-Grimes*,
784 F.3d 1037 (6th Cir. 2015) ..........................................................................6

*S & M Brands, Inc. v. Cooper*,
527 F.3d 500 (6th Cir. 2008) ............................................................................7

*Schenck v. Pro-Choice Network of W. N.Y.*,
519 U.S. 357 (1997)..........................................................................................13

*Seal v. Morgan*,
229 F.3d 567 (6th Cir. 2000) ..........................................................................17

*Sears v. Ariz. Bd. of Regents*,
372 F. Supp. 3d 981 (D. Ariz. Mar. 6, 2019) .................................................14

*Silvernail v. Cnty. of Kent*,
385 F.3d 601 (6th Cir. 2004) ..........................................................................17

*Taylor v. City of Saginaw*,
2020 WL 376453 (E.D. Mich. Jan. 23, 2020) .................................................24

*Tlapanco v. Elges*,
969 F.3d 638 (6th Cir. 2020) ..........................................................................25

*Toussaint v. Blue Cross & Blue Shield*,
292 N.W.2d 880 (Mich. 1980)..........................................................................18

*Town of Southold v. Town of E. Hampton*,
477 F.3d 38 (2d Cir. 2007) ..............................................................................20

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*,
425 U.S. 748 (1976)..........................................................................................13

*Washington v. Glucksberg*,
521 U.S. 702 (1997) .......... 20

*Widmar v. Vincent*,
454 U.S. 263 (1981) .......... 14

*Wiley v. City of Columbus*,
36 F.4th 661 (6th Cir. 2022) .......... 9

*Will v. Mich. Dep't of State Police*,
491 U.S. 58 (1989) .......... 7

*Williams v. Town of Greenburgh*,
535 F.3d 71 (2d Cir. 2008) .......... 20

*Wilson v. Johnson*,
247 F. App'x 620 (6th Cir. 2007) .......... 13

*Wirtshafter v. Trs. of Indiana Univ.*,
823 F. Supp. 3d 883 (S.D. Ind. 2026) .......... 15

*Wood v. Arnold*,
321 F. Supp. 3d 565 (D. Md. 2018), *aff'd*, 915 F.3d 308 (4th Cir. 2019) .......... 14

*Yancey v. Carroll Cnty.*,
876 F.2d 1238 (6th Cir. 1989) .......... 25

*Ex parte Young*,
209 U.S. 123 (1908) .......... 7

*Ziglar v. Abbasi*,
582 U.S. 120 (2017) .......... 29

**Statutes**

42 U.S.C. § 1983 .......... *passim*

42 U.S.C. § 1985(3) .......... 28

**Court Rules**

Fed. R. Civ. P. 12(b)(1) .......... 6

Fed. R. Civ. P. 12(b)(6)....................................................................................6

**Other Authorities**

U.S. Const., Amend. I ............................................................................*passim*

U.S. Const., Amend. IV ..........................................................................*passim*

U.S. Const., Amend. XI .............................................................................6, 7

U.S. Const., Amend. XIV .....................................................................16, 21, 22

U.S. Const. Amend. XIV, §1 .........................................................................27

## Statement of Issues Presented

I. Are the claims pled against the University and University Individual Defendants in their official capacities barred by sovereign immunity (Counts I–V)?

II. Are the University Individual Defendants entitled to qualified immunity to the extent that they are sued in their individual capacity (Counts I–V)?

III. Should the Court dismiss Plaintiff's First Amendment claim (Count I) because he engaged in unprotected conduct, not protected speech, and because he has not adequately alleged viewpoint discrimination or unlawful restraint?

IV. Should the Court dismiss Plaintiff's procedural and substantive due process claims (Count II) because he does not adequately plead a protected interest in his right to intrastate travel, post-secondary education, continued employment, and in the integrity of his person and property and in any event, he received more than adequate process?

V. Should the Court dismiss Plaintiff's due process claim to be free from unlawful detention, arrest, and searches and seizures (Count II) because it is duplicative of his Fourth Amendment claims (Count III)?

VI. Should the Court dismiss Plaintiff's Fourth Amendment claim (Count III) because he fails to plead a lack of probable cause and objective reasonableness?

VII. Should the Court dismiss Plaintiff's Equal Protection claim (Count IV) because he does not adequately allege intentional discrimination?

VIII. Should the Court dismiss Plaintiff's Section 1985(3) conspiracy claim (Count V) because he fails to plead the claim with the requisite specificity and because there can be no conspiracy amongst the University Individual Defendants because they are employed by the same entity?

## **Controlling or Most Appropriate Authority**

***Sovereign and Qualified Immunity:***

*Kerchen v. Univ. of Mich.*, 100 F.4th 751 (6th Cir. 2024)

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

*Will v. Mich. Dep't of State Police,* 491 U.S. 58 (1989)

*Michigan Interlock, LLC v. Alcohol Detection Sys., LLC,* 360 F. Supp. 3d 671 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993 (6th Cir. 2020)

***Qualified Immunity:***

*Hakim v. Regents of the Univ. of Mich.*, E.D. Mich. No. 25-cv-11265 (Mar. 31, 2025)

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)

*Kollaritsch v. Mich. State Univ. Bd. of Trs.,* 944 F.3d 613 (6th Cir. 2019)

*Lipian v. Univ. of Mich.*, 453 F. Supp. 3d 937 (E.D. Mich. 2020).

*Wiley v. City of Columbus*, 36 F.4th 661 (6th Cir. 2022)

***First Amendment Claim (Count I):***

*Alexander v. United States*, 509 U.S. 544 (1993)

*Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661 (2010)

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788 (1985)

*Perry Ed. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37 (1983)

*Schenck v. Pro-Choice Network of W. N.Y.*, 519 U.S. 357 (1997)

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976)

*Widmar v. Vincent*, 454 U.S. 263 (1981)

***Procedural Due Process Claim (Count II):***

*Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018)

*Farhat v. Jopke*, 370 F.3d 580 (6th Cir. 2004)

*Harris v. City of Akron*, 20 F.3d 1396 (6th Cir. 1994)

*Kaplan v. Univ. of Louisville*, 10 F.4th 569 (6th Cir. 2021)

*Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008)

*McGee v. Schoolcraft Cmty. Coll.*, 167 F. App'x 429 (6th Cir. 2006)

*Odom v. Univ. of Mich.*, 2017 WL 2117978 (E.D. Mich. May 16, 2017)

***Substantive Due Process Claim (Count II):***

*Albright v. Oliver*, 510 U.S. 266 (1994)

*Houchens v. Beshear*, 850 F. App'x 340 (6th Cir. 2021)

*Johnson v. City of Cincinnati*, 310 F.3d 484 (6th Cir. 2002)

*Kerchen v. Univ. of Mich.*, 100 F.4th 751 (6th Cir. 2024)

*Occupy Nashville v. Haslam*, 769 F.3d 434 (6th Cir. 2014)

*Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214 (1985)

*Washington v. Glucksberg*, 521 U.S. 702 (1997)

***Fourth Amendment Claim (Count III):***

*Baynes v. Cleland*, 799 F.3d 600 (6th Cir. 2015)

*Fridley v. Horrighs*, 291 F.3d 867 (2002)

*Gerstein v. Pugh*, 420 U.S. 103 (1975)

*Graham v. Connor*, 490 U.S. 386 (1989)

*Hartman v. Thompson*, 931 F.3d 471 (6th Cir. 2019)

*Lyons v. City of Xenia*, 417 F.3d 565 (6th Cir. 2005)

*Michigan v. DeFillippo*, 443 U.S. 31 (1979)

*Tlapanco v. Elges*, 969 F.3d 638 (6th Cir. 2020)

***Equal Protection Claim (Count IV):***

*Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265 (6th Cir. 1994)

*Marie v. Am. Red Cross*, 771 F.3d 344 (6th Cir. 2014)

*Pers. Adm'r v. Feeney*, 442 U.S. 256 (1979)

***Section 1985(3) Conspiracy Claim (Count V)***

*Barrow v. City of Hillview*, 775 F. App'x 801 (6th Cir. 2019)

*Collyer v. Darling*, 98 F.3d 211 (6th Cir. 1996)

*Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505 (6th Cir. 1991)

## I. Introduction.

The University of Michigan ("University") has a rich history of student activism and supports a tradition of free speech on its campus for all community members. This is true for Plaintiff, a student and former employee.

Activism is not without boundaries. To balance competing principles, the University has clear policies and procedures in its Standard Practice Guide ("SPGs") that: ensure fair access and appropriate use of University spaces; explain what activity crosses the line into prohibited conduct; and establish comprehensive processes for adjudicating violations and imposing discipline. This includes authorizing officers to minimize disruptions and enforce the State of Michigan trespass statute. The University enforces these policies to ensure that *all* community members can exercise their rights to freedom of expression while also preserving the University's interest in maintaining public safety.

Like many colleges and universities, the University experienced an increase in student demonstrations after October 7, 2023. This ranged from peaceful protests to violent and threatening behavior that violates University policy. Plaintiff alleges the University responded with a targeted campaign subjecting him to heightened scrutiny, retaliation, disciplinary threats, criminalization, and surveillance for espousing pro-Palestine viewpoints and support of divestment from Israel. However, he relies on speculation and exaggerates the University's response. He faced

accountability not because of his viewpoint and identity, but because of his repeated violation of the trespass policy. Plaintiff cannot escape the consequences of his actions under the guise of various claims.

The Complaint is fatally flawed. First, the University Defendants are entitled to sovereign immunity in their official capacities. The University Individual Defendants are also entitled to qualified immunity. Next, it fails to state any viable claims. Plaintiff asserts a variety of First Amendment theories, but the allegations confirm that the University applied its viewpoint neutral trespass policy and offers no more than conclusory speculation that Plaintiff was targeted for his beliefs. Nor does the Complaint adequately plead cognizable procedural and substantive due process violations. Additionally, Plaintiff was arrested and subjected to searches based on probable cause, and any contrary claims, including excessive force and judicial deception, lack plausible factual support. Finally, Plaintiff's Equal Protection and conspiracy claims are deficient: Plaintiff does not identify intentional discrimination, nor does he plead overt, nonconclusory acts of conspiracy.

## II. Background.

This Motion is based on the Complaint's allegations and its incorporated documents. Those documents are properly considered because they are referred to in the Motion and central to the claims. *Nolan v. Detroit Edison Co.*, 991 F.3d 697, 707 (6th Cir. 2021). Where exhibits "contradict[] allegations in the complaint,

rendering them implausible, 'the exhibit trumps the allegations.'" *Id.*

### A. The University's Trespass Policies and Procedures.

The University is dedicated to creating an environment where all community members feel welcome and safe. Sometimes this requires issuing a trespass warning access to University buildings and property. (Ex. 1, Official Order No. 41.) Under Official Order No. 41[3] ("Trespass Warning Policy"), the Executive Director of DPSS has authority to delegate officers to enforce the State of Michigan trespass statute. (*Id.*) The Trespass Warning Policy is administered in conjunction with the University's Freedom of Speech and Artistic Expression Policy, SPG 601.01, and Violence in the University Community Policy, SPG 601.18. (*Id.*)

**Trespass Warning.** The Policy applies to faculty, staff, and students. Officers may issue a trespass warning when an individual engages in one or more of these acts: (1) "Committed or is suspected of committing a crime against persons or property while on campus;" (2) "Refused or failed to comply with established University rules that protect the health and safety of persons or property;" (3) "Disrupted lawful operations and functions of the University;" or (4) "Demonstrated a risk of physical harm or injury to others or property." (*Id.*)

**Notice and Scope of Warning.** In real time, officers read the trespass

[3] At the time the events occurred, Official Order No. 41 was in effect. The University issued an updated trespass policy, SPG 601.43, in March 2026.

warning and provide a "Trespass Warning Form" to individuals issued a warning. Officers also inform the individual of the right to a formal hearing to object to the restrictions. (*Id.*) Warnings remain in effect for one year. (*Id.*)

**Hearing and Appeal Process.** Individuals who receive a warning may appeal. (*Id.*) There are two steps: (1) an initial formal hearing that may be requested within seven (7) calendar days, and (2) the opportunity to appeal within twenty-one (21) calendar days. The trespass warning remains in effect throughout. (*Id.*)

**Enforcement.** Officers may arrest an individual for violating the trespass statute if: (1) "the individual is provided with the trespass warning and refuses to depart," or (2) "an individual who has previously been issued a trespass warning enters upon prohibited University-owned or leased property." (*Id.*) Plaintiff received two trespass warnings and was arrested upon issuance of the second warning. (ECF No. 1, PageID.37, ¶174.)

**B. Plaintiff's Trespass Warnings.**

Plaintiff is a current student. (ECF No. 1, PageID.3, ¶3.) He received his first trespass warning on May 23, 2024, when he went to the UMPD station to retrieve items that UMPD had secured during an event on the Diag that Plaintiff had attended. (*Id.*, PageID.18, ¶¶61-64, PageID.20, ¶73.) Plaintiff claims that he unsuccessfully sought to appeal the first warning. (*Id.*, PageID.26-27, ¶¶117-23.) Plaintiff's first warning banned him from the Diag and he received a description

identifying the Diag's boundaries. (*Id.*, PageID.21-22, ¶¶ 82, 89).

Approximately three months later, while his first trespass warning was in effect, Plaintiff was detained and arrested on August 28, 2024, during Festifall, which also occurred on the Diag.[4] (*Id.*, PageID.37, ¶177.) Plaintiff then received a second trespass warning that applied to the entire Ann Arbor campus. (*Id.*, PageID.39, ¶187.) Plaintiff does not allege that he sought to appeal the second warning. Each trespass warning lasted a year, and Plaintiff does not allege that he was subject to any additional trespass warnings.

### C. Plaintiff's Employment.

Plaintiff was employed in a summer job between May–August 2024. (*Id.*, PageID.38, ¶181). Although Plaintiff alleges he was offered a position for the fall semester, he does not plead any facts about that offer. (*Id.*, PageID.38, ¶182.) On September 9, 2024, Plaintiff was informed that he was ineligible for rehire because he violated his first trespass warning, which banned him from the Diag, and was issued the second trespass warning, which banned him from the full campus. (*Id.*, PageID.39, ¶187; Ex. 2, 9/9/24 Letter.)

## III. Standard of Review.

A complaint may be dismissed for "lack of subject-matter jurisdiction" under Fed. R. Civ. P. 12(b)(1). Eleventh Amendment sovereign immunity is a

---

[4] Plaintiff was released without charges.

jurisdictional defense under Rule 12(b)(1). *Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023); *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"; rather, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court accepts well-pleaded facts as true but "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *U.S. ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 448 (6th Cir. 2024). A complaint that does not provide sufficient factual detail or the "when, where, in what, or by whom" to support conclusory allegations fails to state a claim. *Ctr. for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

## IV. Argument.

### A. Plaintiff's Claims Are Barred by Immunity.

#### 1. The Eleventh Amendment Bars Plaintiff's Section 1983 Claims Against the University and Its Officials.

The Eleventh Amendment "forbids a plaintiff from suing a state, a state agent, or a state instrumentality for monetary damages in federal court unless that state has

consented to suit, or unless Congress has clearly and expressly abrogated the state's immunity to suit." *Kerchen v. Univ. of Mich.*, 100 F.4th 751, 761 (6th Cir. 2024). Moreover, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" such that official capacity claims against University Individual Defendants are also barred. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978); *Kerchen*, 100 F.4th at 761 ("official capacity" claim against employee "construed as asserted against Michigan").

The University is a state entity cloaked in sovereign immunity. *Kerchen*, 100 F.4th at 761. Since it has not waived immunity, the Eleventh Amendment precludes any recovery from the University, because Plaintiff cannot "directly su[e] a State in federal court." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012).

Additionally, § 1983 allows for liability only against a "person." 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

To the extent that Plaintiff seeks injunctive relief against the University Individual Defendants in their official capacities, this too is barred. Although *Ex parte Young*, 209 U.S. 123 (1908), permits federal courts to issue "prospective injunctive and declaratory relief compelling a state official to comply with federal law," this exception "does not . . . extend to any retroactive relief," *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citations omitted). The Complaint

fails to sufficiently plead facts establishing that the University Individual Defendants violated federal law warranting prospective injunctive relief or declaratory relief, as explained in §(IV)(B)-(F), *infra*. Moreover, Plaintiff primarily seeks retrospective injunctive relief to "repeal all trespass bans" (which expired) and "repeal all adverse employment actions" already taken. (ECF No. 1, PageID.69.) But such retrospective relief is barred because it does not prevent a continuing violation of federal law. *Michigan Interlock, LLC v. Alcohol Detection Sys., LLC*, 360 F. Supp. 3d 671, 677–78 (E.D. Mich. 2018), *aff'd*, 802 F. App'x 993 (6th Cir. 2020). Instead, Plaintiff alleges he is still feeling the effects of *past* acts—not that any current violations (which he does not plead) are harming him. *Id.* at 678; (ECF No. 1, PageID.68–69.) Moreover, to the extent that Plaintiff requests that Defendants "cease all surveillance, tracking, and stalking activities," he does not allege that he has been subjected to any such actions since 2024. (*Id.*)

Accordingly, § 1983 claims against the University and the University Individual Defendants in their official capacities are barred.

#### 2. Plaintiff's Section 1983 Claims Against the University Individual Defendants Are Barred by Qualified Immunity.

"Qualified immunity shields government officials from standing trial for civil liability in their performance of discretionary functions, unless their actions violate clearly established rights." *Kollaritsch v. Mich. State Univ. Bd. of Trs.*, 944 F.3d 613, 626 (6th Cir. 2019). It "serves dual values: ensuring that wronged

individuals can vindicate their constitutional rights while simultaneously reducing the social costs that result from subjecting public officials to increased litigation, like the distractions officials may face in contending with numerous lawsuits and the deterrent effect such litigation might have on otherwise capable people who choose not to enter public office." *Bambach v. Moegle*, 92 F.4th 615, 622 (6th Cir. 2024). A decision on qualified immunity at the earliest stage of litigation is vital to vindicate its protection against unnecessary litigation. *Kerchen*, 100 F.4th at 761.

Plaintiff bears the burden of showing that each University Individual Defendant is not entitled to qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). This requires plausibly alleging facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow*, 457 U.S. at 818). Courts have discretion "to decide which prong of the qualified immunity equation to tackle first." *Cunningham v. Shelby Cty.*, 994 F.3d 761, 764 (6th Cir. 2021).

A threshold problem is that the Complaint rarely distinguishes among the University Individual Defendants, repeatedly engage in group pleading. "When multiple defendants are named[,] then §1983 liability is analyzed individually based on [a defendant's] own actions." *Wiley v. City of Columbus*, 36 F.4th 661, 669 (6th Cir. 2022). Thus, "[d]amage claims against government officials arising from

alleged violations of constitutional rights must allege, **with particularity**, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Kollaritsch*, 944 F.3d at 626 (internal quotation marks omitted; emphasis added).

Further, Plaintiff cannot sue based on supervisory status. "Personal participation is a *sine qua non* of individual capacity §1983 suits; *respondeat superior* is not within the purview of §1983 liability." *Johnson v. Daniels*, 769 F. Supp. 230, 234 (E.D. Mich. 1991), *aff'd*, 70 F.3d 1272 (6th Cir. 1995). Rather, Plaintiffs must show that each "encouraged the specific incident of misconduct or in some other way directly participated in it." *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008). Courts dismiss claims when there is no evidence of active, personal involvement. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

Plaintiff has failed to plead a constitutional violation by any University Individual Defendant, let alone a violation of a clearly established right.

**Ono and Washington.** Ono and Washington are only mentioned with their job titles and general areas of responsibility. Their names also appear in group pleadings, where Plaintiff "lumped them together and did not attempt to explain how" they violated a constitutional right. *Hakim v. Regents of the Univ. of Mich.*, No. 25-cv-11265, slip. op. at 23 (Mar. 31, 2025) (Ex. 3); *see Garrett v. Morgan Cnty. Sheriff's Off.*, 792 F. Supp. 3d 771, 808 (N.D. Ohio 2025) (collecting cases holding that "references to a group of defendants are insufficient to allege specific

actions on the part of individual defendants for purposes of a § 1983 individual capacity claim”). There are no allegations that either played any active role. And if they are sued because of their “oversight,” § 1983 does not permit supervisor liability. *Lipian v. Univ. of Mich.*, 453 F. Supp. 3d 937, 955 (E.D. Mich. 2020).

**Grier.** While Plaintiff alleges that Grier issued an adverse employment action, he fails to plead facts sufficient to show that Grier violated a clearly established constitutional right. (ECF No. 1, PageID.39, ¶¶185–89.) Instead, Plaintiff only alleges that Grier did not provide certain documents but does not explain that he had a clearly established constitutional right to those documents.

**James.** James is identified by her title. (ECF No. 1, PageID.9, ¶20.) The only other allegations that are not part of group pleadings assert that she did not respond to emails. (*Id.*, PageID.26–27, ¶¶117–24.) But this says nothing as to how James violated his rights. Again, James cannot be sued because of her supervisory role.

**Cavanaugh, Harding, and Roberts.** Cavanaugh is mentioned three times: (1) during Plaintiff’s efforts to retrieve his belongings following the encampment, when he issued the first trespass warning; (2) for arresting Plaintiff at Festifall when he violated the trespass warning and failed to disperse; and (3) for conspiring to search and detain Plaintiff at Festifall. (ECF No. 1, ¶¶73–93, 166–72, 178, 180, 205.) As discussed in §(IV)(D), *infra*, Plaintiff fails to plead plausible facts that Cavanaugh did not have probable cause when Plaintiff was on the Diag when he

had a pending trespass warning. Further, as with other University Individual Defendants, Plaintiff only offers conclusory group pleading regarding Cavanaugh's involvement in a conspiracy. This holds true for Roberts, who is only mentioned to explain that he wanted to "take [Plaintiff] down" "[u]pon information and belief." (ECF No. 1, PageID.37–38, ¶¶179–80.) As for Harding, Plaintiff alleges he "deployed a strong chemical agent" during the dispersal of the encampment. (ECF No. 1, PageID.18–19, ¶¶64–67.) However, again, as discussed in §(IV)(D), *infra*, Harding's liability turns on whether his conduct, under the circumstances, was objectively reasonable, which it was, given UMPD's interest in maintaining campus safety and Plaintiff's failure to plead contrary facts.

**Feltes, Greeley, West, and Yencer.** Plaintiff fails to explain how Feltes, Greeley, West, and Yencer violated *any* constitutional right. Instead, he again relies on conclusory group pleading statements that each violated his rights, without explaining how. Plaintiff only mentions West once to explain that he "joined" other "UMPD officers" to arrest Plaintiff, without describing West's specific actions. (ECF No. 1, PageID.36, ¶168.) As for Feltes and Greeley, Plaintiff takes issue with the actions they took to record his affiliation as "Pro Palestinian" in records, but does not explain how that act, even if true, would violate his constitutional rights. (*Id.*, PageID.41, ¶200.) And Yencer is only mentioned in group pleadings.

### B. Plaintiff Fails to State First Amendment Claims (Count I).

#### 1. Plaintiff Fails to State a Free Speech Claim.

**Viewpoint Discrimination.** The University can enforce regulations on the time, place, and manner of expression, provided the regulations: (1) are content neutral; (2) are narrowly tailored to serve a significant interest; and (3) leave ample alternative means of communication. *Perry Ed. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 45 (1983). A regulation is content neutral when it is "justified without reference to the content of the … speech." *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771 (1976). And the University has a legitimate government interest in ensuring public safety and property rights. *Schenck v. Pro-Choice Network of W. N.Y.*, 519 U.S. 357, 376 (1997).

Plaintiff never plausibly connects his expression to the challenged actions. Instead, his allegations show that University officials responded to conduct that violated a facially neutral trespass policy. And he fails to sufficiently allege that others engaged in *remotely comparable* conduct and were treated better.[5] Without allegations of any similarly situated individuals being treated differently, his claim fails. *See, e.g.*, *Wilson v. Johnson*, 247 F. App'x 620, 625 (6th Cir. 2007) (rejecting claim where policy was viewpoint neutral and only "evidence of viewpoint

---

[5] Plaintiff's reference to "similarly situated" individuals consists of conclusory allegations lacking any detail. (ECF No. 1, PageID.47–48, ¶¶231–32, 235).

discrimination" was that banners were removed "while others were not").

A university may "impose reasonable regulations . . . upon the use of its campus and facilities," compatible with its educational mission, without violating the First Amendment. *Widmar v. Vincent*, 454 U.S. 263, 267 n.5 (1981). It need not "make all of its facilities equally available to students and nonstudents alike . . . [or] grant free access to all of its grounds or buildings." *Id.* Accordingly, "[t]he extent to which the Government can control access depends on the nature of the relevant forum." *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985) (describing the three types of fora: (1) public; (2) limited public; and (3) nonpublic). In both limited public and nonpublic fora "courts have consistently upheld the exclusion of individuals who seek to engage in disruptive conduct" against First Amendment challenges. *Kuerbitz v. Meisner*, 2017 WL 4161111, at *9 (E.D. Mich. Sept. 20, 2017) (collecting cases), *aff'd*, 2018 WL 5310762 (6th Cir. July 11, 2018); *see also Wood v. Arnold*, 321 F. Supp. 3d 565, 583 (D. Md. 2018) (upholding no-trespass order barring individual from school property in response to threat of disruption), *aff'd*, 915 F.3d 308 (4th Cir. 2019).

Here, the University's campus, including the Diag, is at most a limited public forum. *See Gilles v. Garland*, 281 F. App'x 501, 511 (6th Cir. 2008) (Miami University campus is a limited public forum); *see also, e.g.*, *ACLU v. Mote*, 423 F.3d 438, 444 (4th Cir. 2005) (University of Maryland is a limited public forum); *Sears*

*v. Ariz. Bd. of Regents*, 372 F. Supp. 3d 981, 912–13 (D. Ariz. Mar. 6, 2019) (same). Accordingly, Plaintiff's trespass warnings need only be "reasonable and viewpoint neutral" in light of the "purpose served by the forum." *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 679, 685 (2010). Plaintiff's trespass warnings easily satisfy this threshold given the University's interest in efficient operations and maintaining order, and Plaintiff's violation of his first trespass warning.

**Prior Restraint.** Plaintiff also appears to assert a prior restraint claim. (ECF No. 1, PageID.51, ¶242.) "The term prior restraint is used to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (internal quotation marks omitted; emphasis in original). There is also a "time-honored distinction between barring speech in the future and penalizing past speech." *Id.* at 545.

Plaintiff's trespass warnings were issued on May 23 and August 28, 2024, and stem from disruptive conduct, including his arrest for misdemeanor trespass. (ECF No. 1, PageID.37, ¶174.) Thus, the trespass warnings and resulting adverse employment actions are not prior restraints, but subsequent punishments issued in response to his conduct. *Alexander*, 509 U.S. at 553; *see, e.g.*, *Wirtshafter v. Trs. of Indiana Univ.*, 823 F. Supp. 3d 883, 903 (S.D. Ind. 2026) (trespass warnings issued

to pro-Palestinian protesters not prior restraints).

#### 2. Plaintiff Fails to State a Petition or Assembly Claim.

Plaintiff's remaining First Amendment claim, predicated on the rights to petition and peaceful assembly, fails for the same reasons. *See Ramsek v. Beshear*, 468 F. Supp. 3d 904, 914 (E.D. Ky. 2020) ("Courts typically evaluate free speech, assembly and petition claims under the same analysis.") (citing *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 (1984)).

### C. The Complaint Fails to State Due Process Claims (Count II).

#### 1. Procedural Due Process.

To establish a violation of procedural due process, Plaintiff must plausibly allege that he was "deprived of a protected liberty or property interest" "without adequate procedural protections." *Hasanaj v. Detroit Pub. Schs. Cmty. Dist.*, 35 F.4th 437, 447 (6th Cir. 2022). Plaintiff alleges liberty and/or property interests: (1) moving freely in his community; (2) to his education; (3) to work opportunities; and (4) in the integrity of his person and property.[6] (ECF No. 1, PageID.53, ¶254.) Plaintiff fails to state a claim for each alleged interest.

---

[6] Plaintiff's procedural and substantive due process claims for the "integrity of his person and property" fail. While "a person's reputation, good name, honor, and integrity are among the liberty interests" protected by the Fourteenth Amendment, it does not necessarily mean that such an interest is either "fundamental" or "inherent in the concept of ordered liberty." *Lambert v. Hartman*, 517 F.3d 433, 444 (6th Cir. 2008). Here, Plaintiff offers no facts explaining how his right to "the integrity of his person and property" was infringed. (ECF No. 1, PageID.53, ¶254.)

**Travel.** "Schools, of course, have an unquestionably powerful interest in maintaining the safety of their campuses and preserving their ability to pursue their educational mission." *Seal v. Morgan*, 229 F.3d 567, 574 (6th Cir. 2000). These interests are evidenced by schools, like the University, with trespass policies.

Even if Plaintiff could establish a protected interest, he received adequate process. Due process requires only "notice and an opportunity to be heard." *Silvernail v. Cnty. of Kent*, 385 F.3d 601, 604 (6th Cir. 2004). Hearings are not required where it would be "impracticable" and where subsequent process is available. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994); *Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004) ("it is the *opportunity* for a post-deprivation hearing … that is required for due process.")

Here, the Complaint lacks allegations showing a violation of any right "to move freely." At the outset, Plaintiff continued attending class and does not include facts explaining how he was not able to move around. (ECF No. 1, PageID.54, ¶303.) Additionally, Plaintiff received adequate notice of the grounds of his trespass warnings on the form that UMPD provided and had the opportunity to challenge the bans through the hearing and appeal process. (ECF No. 1, PageID.24–26, ¶¶99–101, 112.) Further, any hearing before issuing the warning would have been impracticable given the University's compelling interest in public safety and maintaining order. Indeed, it is well-established that it is the *opportunity* for a post-

deprivation hearing that is required. *Farhat*, 370 F.3d at 596.

Plaintiff's allegation that the University did not follow its appeal process also fails. A "mere failure by the University to follow its own internal guidelines does not give rise to a procedural-due-process violation." *Doe v. Miami Univ.*, 882 F.3d 579, 603 (6th Cir. 2018). As such, whether the University followed its internal rules "is not the proper inquiry." *JiQiang Xu v. Michigan State Univ.*, 195 F. App'x 452, 457 (6th Cir. 2006).

**Continued Employment.** Not every public employee has a protected property interest in employment. Instead, "courts identify property interests by reference to independent sources of entitlement such as state law or a contract between the parties." *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 577 (6th Cir. 2021). "But neither a 'unilateral expectation' to enjoy the alleged property interest nor an 'abstract need or desire for it' is enough." *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "A public employee does not have a property interest in continued employment when his position is held at the will and pleasure of his superiors and when he has not been promised that he will only be terminated for good cause." *Odom v. Univ. of Mich.*, 2017 WL 2117978, at *5 (E.D. Mich. May 16, 2017) (quoting *Chilingrian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989)).

In Michigan, employment is presumed to be at-will. *Toussaint v. Blue Cross & Blue Shield*, 292 N.W.2d 880 (Mich. 1980); *Lytle v. Malady*, 579 N.W.2d 906,

910 (Mich. 1998). This presumption may be rebutted only by proof that the parties agreed to a contract which limits the employer's discretion to terminate the employee only for just cause. *Lytle*, 579 N.W.2d at 911.

Here, the Complaint does not identify a specific promise that Plaintiff will be terminated only for just cause. In fact, Plaintiff admits that his initial employment was a summer job, and in August 2024, his summer supervisor offered him help to *find* a position for the fall semester. (ECF No. 1, PageID.38. ¶¶181–82.) The Complaint also lacks factual allegations to infer Plaintiff is likely to suffer an injury from the no-rehire decision. Instead, the Complaint only vaguely alleges that Plaintiff "planned to continue employment" with the University. (ECF No. 1, PageID.38, ¶183.) As another court recently concluded based on similar allegations, this is insufficient. *Hakim*, slip. op. at 33–35 (Mar. 31, 2025) (Ex. 3).

**Education.** "The issue of whether a student's interest in continued enrollment at a post-secondary institution is protected by procedural due process has not been resolved. Courts have avoided this issue where possible by assuming for the sake of argument that such an interest exists." *McGee v. Schoolcraft Cmty. Coll.*, 167 F. App'x 429, 437 (6th Cir. 2006) (citing *Bd. of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78, 84–85 (1978)). Here, even if Plaintiff has an interest in his continued enrollment, he does not assert any facts that he was deprived of the ability to continue his education. Instead, he is a current student and

does not allege he was ever suspended. (ECF No. 1, PageID.3, ¶3.)

### 2. Substantive Due Process.

Substantive due process safeguards individuals against unwarranted government interference of a fundamental right unless narrowly tailored to serve a legitimate interest. *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). It also protects against behavior from state actors that "shock[s] the conscience." *Kerchen*, 100 F.4th at 763 (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 250 (6th Cir. 2003)). Each alleged violation of substantive due process fails.

**Travel.** The Sixth Circuit formulates the right as protecting the ability to "travel locally through public spaces and roadways." *Johnson v. City of Cincinnati*, 310 F.3d 484, 495 (6th Cir. 2002). This is distinct from the right to "access particular government property." *Ritchie v. Coldwater Cmty. Sch.*, 947 F. Supp. 2d 791, 818 (W.D. Mich. 2013); *see also Williams v. Town of Greenburgh*, 535 F.3d 71, 75 (2d Cir. 2008) ("[T]he right protects *movement between places* and has no bearing on *access* to a particular place."). So, the right "cannot conceivably imply the right to travel whenever, wherever and however one pleases." *Johnson*, 310 F.3d at 502 n.9. Nor does it require "the most convenient form of travel," *Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 54 (2d Cir. 2007). Importantly, the Sixth Circuit has rejected the "right to a continuous occupation" of public places for protesters engaging in expressive conduct. *See Occupy Nashville v. Haslam*,

769 F.3d 434, 445–46, 445 n.21 (6th Cir. 2014).

Here, Plaintiff alleges that the trespass warnings deprived him of the right "to move through the Ann Arbor community, including the University of Michigan's campus." (ECF No. 1, PageID.54, ¶255–56.) Not only is this statement conclusory and devoid of facts, it is contrary to Plaintiff's allegations, which confirm that he engaged in various activities, including traveling to class. (*Id.*, PageID.66, ¶303.) Moreover, even if the warnings implicated a substantive due process right, they satisfy strict scrutiny because they are narrowly tailored to address the University's compelling interest in public safety and maintaining order.

**Employment.** If Plaintiff asserts a claim for "continued" or "future employment," it fails. "[T]he right to maintain public employment [is not] . . . a substantive due process right specifically protected under the Fourteenth Amendment." *Houchens v. Beshear*, 850 F. App'x 340, 343–44 (6th Cir. 2021).

**Education.** Similarly, there was no infringement on any right to post-secondary education. Absent evidence that a university's actions "shock the conscience," courts do not recognize a substantive due process claim. *See Miami Univ.*, 882 F.3d at 598; *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 222–23 (1985) (citing *Horowitz*, 435 U.S. at 91–92). Regardless, Plaintiff was not banned from class. He still "traveled to and from class," contradicting any assertion that trespass warnings impeded continued enrollment. (ECF No. 1, PageID.66, ¶303.)

### 3. Plaintiff Does Not State Due Process Claims Related to His Fourth Amendment Rights.

Plaintiff asserts due process rights to be free from unlawful detention, arrest, and searches and seizures. (ECF No. 1, PageID.53, ¶255.) This is duplicative of his Fourth Amendment claims in Count III. Plaintiff cannot maintain a substantive due process claim when a more specific constitutional provision applies. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'"). In *Davis v. Butler County, Ohio*, 658 F. App'x 208, 216 (6th Cir. 2016), an individual asserted a Fourth Amendment and due process search and seizure claim. Affirming dismissal, the Sixth Circuit concluded her attempt to link the "cause of action to the more 'scarce and open-ended guideposts' of the Fourteenth Amendment is unpersuasive." *Id.* at 216–17; *see also Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 893 (6th Cir. 2001) (affirming dismissal of plaintiff's "due process right to free speech" claim as duplicative of First Amendment claim). Accordingly, any Fourth Amendment due process claim should be dismissed.

## D. Plaintiff Fails to State a Fourth Amendment Unlawful Search & Seizure Claim (Count III).

The Complaint repeatedly offers unsupported conclusory allegations that

Plaintiff was arrested without probable cause, subjected to unlawful searches, and exposed to excessive force, but it fails to identify which Defendant committed which act, what facts were known to officers, or how the challenged conduct was objectively unreasonable.

**False Arrest.** Probable cause is a complete defense to a § 1983 false arrest claim. *Hartman v. Thompson*, 931 F.3d 471, 483 (6th Cir. 2019). "A police officer determines the existence of probable cause by examining the facts and circumstances within his knowledge that are sufficient to inform 'a prudent person, or one of reasonable caution,' that the suspect 'has committed, is committing, or is about to commit an offense.'" *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Nor is a pre-arrest hearing required. *Gerstein v. Pugh*, 420 U.S. 103, 113 (1975) ("Maximum protection of individual rights could be assured by requiring a magistrate's review of the factual justification prior to any arrest, but such a requirement would constitute an intolerable handicap for legitimate law enforcement.").

Plaintiff alleges he was arrested "without probable cause," (ECF No. 1, PageID.3, 49, 56, 57, ¶¶6, 240, 268, 270), and "without reasonable suspicion that he had committed a crime." (*Id.*, PageID.57. ¶270.) However, federal courts only consider "the facts known to the *arresting officer* at the time of the arrest" to determine probable cause. *Hartman*, 931 F.3d at 481 (quoting *Devenpeck v. Alford*,

543 U.S. 146, 152 (2004)) (emphasis added). And the offense establishing probable cause need not be "closely related to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest." *Devenpeck*, 543 U.S. at 153 (internal quotations omitted). Thus, as long as an officer had probable cause to arrest, a § 1983 false arrest claim fails. *Hartman*, 931 F.3d at 483.

Here, Plaintiff fails to plead that UMPD officers who arrested him did not have probable cause. To the contrary, the Complaint confirms that UMPD officers had a reasonable belief that Plaintiff was violating his existing first trespass ban when he appeared on the Diag, notwithstanding that *he* did not believe he was physically within the Diag. (ECF No. 1, PageID.34, ¶163.) Additionally, although Plaintiff alleges he did not participate in the demonstration, he remained present in the face of a lawful UMPD order to disperse. (*Id.*, PageID.35, ¶¶163–66.) So the facts and circumstances surrounding UMPD officers were sufficient to inform "a prudent person, or one of reasonable caution" that Plaintiff had failed to disperse and violated his first trespass warning. *See Fridley*, 291 F.3d at 872 (quoting *DeFillippo*, 443 U.S. at 37); *see, e.g.*, *Hartman*, 931 F.3d at 482 (probable cause existed when protesters were arrested after failing to disperse).

**Unlawful Search and Seizure.** A Fourth Amendment search turns on whether an individual can claim a reasonable expectation of privacy that has been invaded. *Taylor v. City of Saginaw*, 2020 WL 376453, at *1 (E.D. Mich. Jan. 23,

2020) (citing *Katz v. United States*, 389 U.S. 347, 362 (1967)). A lawful arrest, standing alone, authorizes a search. *DeFillippo*, 443 U.S. at 35–36. Moreover, "a search warrant may be issued only upon probable cause . . . particularly describing the place to be searched, and the . . . things to be seized." *Tlapanco v. Elges*, 969 F.3d 638, 648 (6th Cir. 2020). "Probable cause exists 'if the facts and circumstances are such that a reasonably prudent person would be warranted in believing that an offense had been committed and that evidence thereof would be found on the premises to be searched.'" *Id.* (quoting *Peffer v. Stephens*, 880 F.3d 256, 263 (6th Cir. 2018)). Generally, police officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action "unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable." *Id.* at 649 (quoting *Yancey v. Carroll Cnty.*, 876 F.2d 1238, 1243 (6th Cir. 1989)).

Plaintiff again offers only conclusory group pleadings. And he does not describe a search or seizure that occurred in the absence of a validly-issued warrant. Finally, he does not plead facts that would have prevented UMPD officers from believing that the search warrant lacked probable cause.

**Excessive Force.** The Sixth Circuit applies the Fourth Amendment's unreasonable seizure jurisprudence when analyzing excessive force claims. *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Morrison v. Bd. of Trs. of*

*Green Twp.*, 583 F.3d 394. 400–01 (6th Cir. 2009)). "Whether an officer has exerted excessive force . . . is determined under an 'objective reasonableness' standard." *Morrison*, 583 F.3d 394 at 401 (citing *Graham v. Connor*, 490 U.S. 386, 396–97) (1989)). This requires an analysis of: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Lyons v. City of Xenia*, 417 F.3d 565, 575 (6th Cir. 2005) (quoting *Graham*, 490 U.S. at 396) (citation and quotation omitted).

Plaintiff alleges UMPD officers used "physical assault" and "excessive force against [him] on multiple occasions," ranging from "high-dose chemical agents," "throwing him to the ground," and "gang tackling." (ECF No. 1, PageID.4, 57, ¶¶6, 270.) However, like his other claims, the Complaint lacks specificity on *who* committed the excessive force, *when* the excessive force occurred, *where* the excessive force occurred, or *what* Plaintiff was (or was not doing). Plaintiff simply relies on conclusory group allegations. And the allegations as a whole fail to plead sufficient detail that the force was excessive under the circumstances.

**Judicial Deception.** Plaintiff alleges a right "to be free from judicial deception in the drafting of arrest and search warrants." (ECF No. 1, PageID.56,

¶268.) Although Plaintiff alleges UMPD "individually and/or jointly collaborated" with City Shield "to produce embellished, inaccurate, knowingly false, and fabricated 'reports'" to portray Plaintiff as a threat, he does not state "when, where, in what, or by whom" the reports were produced. *See Ctr. for Bio-Ethical Reform v. Napolitano*, 648 F.3d at 373. Nor does he provide any facts about what "deception" occurred. Thus, he fails to state a claim. *Iqbal,* 556 U.S. at 678.

### E. Plaintiff Fails to State an Equal Protection Claim (Count IV).

The Equal Protection Clause prohibits a state from denying to "any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, §1. "The Clause embodies the principle that all persons similarly situated should be treated alike," *Marie v. Am. Red Cross*, 771 F.3d 344, 361 (6th Cir. 2014) (quotation omitted), and "forbids only intentional discrimination," *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). A "mere suspicion or belief that [Plaintiff] has suffered some form of discrimination" is "insufficient to maintain [an equal protection] action." *Heijnen v. Villareal*, 2013 WL 950791, at *3 (N.D. Tex. Mar. 11, 2013). Additionally, the requisite "[d]iscriminatory purpose" required to survive a motion to dismiss an Equal Protection claim "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable

group." *Pers. Adm'r v. Feeney*, 442 U.S. 256, 279 (1979) (internal citation omitted).

Plaintiff again offers only conclusory statements. He alleges that "[b]ut for [his] identity as a Black Muslim student advocating in support of Palestinian human rights, [he] would not have been subjected to adverse actions from" the University. (ECF No. 1, PageID.60, ¶ 281.) But he does not plead any non-conclusory facts that individuals outside his protected classes engaged in advocacy but were not subjected to adverse actions. Nor does he include any allegations to demonstrate that any University Individual Defendant was aware of his religion. Thus, the Equal Protection claim must be dismissed.

**F. Plaintiff Fails to Adequately Plead a Section 1985(3) Conspiracy Claim (Count V).**

Maintaining a cause of action under § 1985(3) requires Plaintiff to plead "(1) a conspiracy involving two or more persons, (2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the laws and (3) an act in furtherance of that conspiracy (4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen." *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996). Plaintiff must also sufficiently allege the conspiracy "was motivated by racial, or other class[-]based animus" *Id.* (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 274 (1993)).

Although the Complaint alleges University Individual Defendants were motivated by Plaintiff's race, religion, and pro-Palestinian viewpoints, Plaintiff

pleads no non-conclusory supporting facts. He does not plausibly allege that any individual was even aware of his religion and only speculates that actions were taken because of his race or viewpoint rather than his conduct.

To the extent that Plaintiff alleges there was a conspiracy between University Individual Defendants, his claim fails because of the "intracorporate-conspiracy doctrine." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991). Under this doctrine, if "all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* at 510. "In other words, 'an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy.'" *Barrow v. City of Hillview*, 775 F. App'x 801, 806–07 (6th Cir. 2019) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 152 (2017)).

Ultimately, like his other claims, he offers only conclusory group pleading statements that University Individual Defendants violated his constitutional rights, without explaining how. The claim must be dismissed.

## V. Conclusion.

For all the reasons set forth above, Defendants respectfully request that the Court dismiss the Complaint in its entirety and with prejudice.

Dated: September 2, 2026

Respectfully submitted,

*/s/ Brian M. Schwartz (P69018)*
schwartzb@millercanfield.com
*Attorneys for University Defendants*

**BRIEF CERTIFICATION FORM**

I, Brian M. Schwartz, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

N/A ☐ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

Respectfully submitted,
*/s/ Brian M. Schwartz*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF/CM filing system which will send notification of such filing to the attorneys of record.

*/s/Brian M. Schwartz*
Brian M. Schwartz (P69018)